IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN SMITH | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 08-00961 |
| TROY LEVI | : | |

| | | |
|---|---|---|
| ANTOINE NORMAN | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 08-00962 |
| TROY LEVI | : | |

| | | |
|---|---|---|
| CHARLES WHITE | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 08-00963 |
| TROY LEVI | : | |

**SURRICK, J.**                                                                                                          **JUNE 19, 2008**

**MEMORANDUM & ORDER**

Presently before the Court is Petitioner Allen Smith's Petition Pursuant to Habeas Corpus Relief Under 28 U.S.C. § 2241(a)(c)(2)(3), (Civ. A. No. 08-00961, Doc. No. 1), Petitioner Antoine Norman's Petition Pursuant to Habeas Corpus Relief Under 28 U.S.C. § 2241(a)(c)(2)(3), (Civ. A. No. 08-00962, Doc. No. 1), and Petitioner Charles White's Petition Pursuant to Habeas Corpus Relief Under 28 U.S.C. § 2241(a)(c)(2)(3), (Civ. A. No. 08-00963, Doc. No. 1), and Amended Petition Pursuant to Habeas Corpus Relief Under 28 U.S.C.S. 2241(a)(c)(2)(3), (Civ. A. No. 08-00963, Doc. No. 2).  For the following reasons, these Petitions will be denied.

**I.     BACKGROUND**

On July 26, 2006, a federal grand jury returned an indictment charging Defendants

Charles White, Allen Smith, Antoine Norman, and others, with various crimes related to bank fraud and identity theft. The indictment charged Defendant White with conspiracy in violation of 18 U.S.C. § 371 (Count 1); bank fraud in violation of 18 U.S.C. § 1344 (Counts 2 – 5); and aggravated identity theft in violation of 18 U.S.C. § 1028A (Counts 6 – 14, 16 – 22).[1] (Crim. A. No. 06-377, Doc. No. 1.) The indictment charged Defendant Smith with conspiracy (Count 1); bank fraud (Counts 2 – 5), and aggravated identity theft (Counts 16 – 22). (*Id*.) The indictment charged Defendant Norman with conspiracy (Count 1); bank fraud (Counts 2 – 5); and aggravated identity theft (Counts 6 – 8, 11, 13, 16 – 22). (*Id*.)

Trial was held on August 27 – 30 and September 4 – 5, 2007. On September 7, 2007, the jury returned a verdict of guilty against Defendants White and Norman on all Counts charged. Defendant Smith was found guilty on Counts 1, 2 – 3, 16 – 17 and 20 – 22, and not guilty on Counts 4 – 5 and 18 – 19.

Defendant Norman filed a counseled Motion for Judgment of Acquittal Pursuant to Rule 29(c)(1). (Crim. A. No. 06-377, Doc. Nos. 194, 195.) We denied that Motion on March 14, 2008. (Crim. A. No. 06-377, Doc. No. 281.) Defendant Norman also filed a *pro se* motion and letter requesting new counsel and two *pro se* amended motions for judgment of acquittal. (Crim. A. No. 06-377, Doc. Nos. 256, 262, 259, 265.) These motions were denied. (Crim. A. No. 06-377, Doc. Nos. 260, 273.) Defendant Norman subsequently sent a letter requesting that the Court reconsider its dismissal of his motion for new counsel. (Crim. A. No. 06-377, Doc. No. 262.) Most recently, Defendant Norman filed *pro se* a motion to proceed *in forma pauperis* and

---

[1] Count 15 of the indictment, charging Defendant White with aggravated identity theft, was dismissed. (Doc. No. 190.)

a Motion to Compel the Government to Disclose the Manner of Selecting Grand Jurors. (Crim. A. No. 06-377, Doc. Nos. 274, 275.)

On October 16, 2007, Defendant White filed a *pro se* letter seeking to dismiss his defense counsel, William Cannon. (Crim. A. No. 06-377, Doc. No. 206.) This request was denied. (Crim. A. No. 06-377, Doc. No. 225.) Defendant White also filed *pro se* a Motion for Dismissal of Indictment and All Counts of 18 U.S.C. 1028A for Lack of Jurisdiction Pursuant to 12(b)(1)(2). (Crim. A. No. 06-377, Doc. No. 221.) We denied this Motion on November 9, 2007 and instructed Defendant White that any further motions should be filed by and through his attorney. (Crim. A. No. 06-377, Doc. No. 226.) Nevertheless, Defendant White has continued to file *pro se* documents. (*See* Crim. A. No. 06-377, Doc. Nos. 227, 228.) Defendant White also filed another motion requesting new counsel before sentencing (Crim. A. No. 06-377, Doc. No. 257).

Defendant Smith filed no post-trial motions.

Defendants' sentencing hearings were originally scheduled for December 6, 2007. (Crim. A. No. 06-377, Doc. No. 192.) On November 28, 2007, defense counsel filed a Joint Motion of the Defendants for a Continuance of the Scheduled Sentencing Date. (Crim. A. No. 06-377, Doc. No. 236.) In support of this Motion, defense counsel averred:

> There will be a number of issues addressed at sentencing. One significant issue is the amount of the actual or intended loss to be utilized in calculating each defendant's offense level. In order to properly present this issue for favorable defense resolution each counsel is tasked to review the entire record of trial. The record of trial is voluminous and no one of the moving attorneys has completed this task as of the filing of the instant motion. As this Court is aware each of the attorneys of record are busy trial and appellate attorneys whose caseload regularly competes with the time necessary for transcript review.

(*Id.*) We granted this Joint Motion on November 29, 2007 and continued sentencing to the week

3

of March 10, 2008. (Crim. A. No. 06-377, Doc. No. 237.)

On March 4, 2008, defense counsel filed a second Joint Motion of Defendants for a Continuance of Sentencing as well as a Joint Defense Motion for a Joint Hearing on the Amount of Loss Attributable to the Defendants. (Crim. A. No. 06-377, Doc. Nos. 269, 270.) We granted both motions on March 6, 2008, and continued the sentencing that had been scheduled for the week of March 10, 2008. (Crim. A. No. 06-377, Doc. Nos. 271, 272.)

On June 12, 2008, we held a hearing to determine the amount of loss attributable to Defendants White, Smith, Norman, and co-defendants Michael Merin and Akintunde Crawford. (Crim. A. No. 06-377, Doc. Nos. 292, 295, 297.) The Court directed counsel to file memoranda of law on or before June 20, 2008 addressing the issues raised at the hearing. (Crim. A. No. 06-377, Doc. No. 295.)

**II.    DISCUSSION**

In their almost identical habeas petitions, Defendants appear to argue that their Fourth and Fourteenth Amendments were violated by Postal Inspector Khary Freeland's investigation, which they argue was unlawful and without jurisdiction on the grounds that Inspector Freeland failed to establish at the Grand Jury a nexus between the crimes and the U.S. Mails.[2] Defendants assert: "Inspector Freeland proved through unlawful tactics that he is not a well trained Postal Inspector, but indeed reckless, when he discovered that there was no Nexus [sic] between the instant case and The [sic] U.S. Mail and Postal Services." (Civ. A. No. 08-00961, Doc. No. 1 at 6; Civ. A. No. 08-00962, Doc. No. 1 at 6; Civ. A. No. 08-00963, Doc. No. 1 at 6.)

---

[2] Defendant White's amended petition similarly asserts that "he was not found guilty of any charges that have a link or nexus to The [sic] U.S. Mails or Postal Services or anything thereof." (Civ. A. No. 08-00963, Doc. No. 2 at 3.)

Challenges to the validity of a federal conviction should properly be brought under 28 U.S.C. § 2255, after all direct appeals have concluded. *See Riccio v. Levi*, Civ. A. No. 07-3855, 2007 WL 3047244, at *1 (E.D.Pa. Oct. 16, 2007) (noting that where a Petitioner is awaiting sentencing and challenging events which occurred before his conviction, section 2241 is not an available remedial device). "[U]nder the explicit terms of 28 U.S.C. § 2255, unless a § 2255 motion would be 'inadequate or ineffective,' a habeas corpus petition under § 2241 cannot be entertained by the court." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002); *see also Winters v. Samuels*, 237 Fed. Appx. 719, 720 (3d Cir. 2007). "[A] district court's delay in considering a section 2255 motion until direct appeals are resolved does not make the section 2255 motion inadequate or ineffective and therefore does not entitle the defendant prematurely to pursue a section 2241 habeas petition." *United States v. Pirro*, 104, F.3d 297, 299 (9th Cir. 1997); *see also Cradle*, 290 F.3d 536, 538-39.

Petitioners' habeas motions, all brought under 28 U.S.C. § 2241, should properly be brought under 28 U.S.C. § 2255, after all direct appeals have been concluded. *See Riccio*, 2007 WL 3047244, at *2. Petitioners are awaiting sentencing, which has been continued twice upon request of defense counsel. Once Petitioners have been sentenced, they may pursue their claims on direct appeal. Thereafter, if they receive no relief on appeal, they may pursue habeas applications pursuant to 28 U.S.C. § 2255. Accordingly, Petitioners' habeas corpus petitions filed pursuant to 28 U.S.C. § 2241 are denied.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN SMITH | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 08-00961 |
| TROY LEVI | : | |
| ANTOINE NORMAN | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 08-00962 |
| TROY LEVI | : | |
| CHARLES WHITE | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 08-00963 |
| TROY LEVI | : | |

**ORDER**

AND NOW, this 19th day of June, 2008, upon consideration of Petitioner Allen Smith's Petition Pursuant to Habeas Corpus Relief Under 28 U.S.C. § 2241(a)(c)(2)(3), (Civ. A. No. 08-00961, Doc. No. 1), Petitioner Antoine Norman's Petition Pursuant to Habeas Corpus Relief Under 28 U.S.C. § 2241(a)(c)(2)(3), (Civ. A. No. 08-00962, Doc. No. 1), and Petitioner Charles White's Petition Pursuant to Habeas Corpus Relief Under 28 U.S.C. § 2241(a)(c)(2)(3), (Civ. A. No. 08-00963, Doc. No. 1), and Amended Petition Pursuant to Habeas Corpus Relief Under 28 U.S.C.S. 2241(a)(c)(2)(3), (Civ. A. No. 08-00963, Doc. No. 2), it is ORDERED that the Petitions are DENIED.

IT IS SO ORDERED.

BY THE COURT:

/s/ *R. Barclay Surrick*
U.S. District Court Judge